UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ABDULLAH AL-KIDD, | ) | Case No. CV:05-093-S-EJL-MHW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM  ORDER |
| | ) | |
| ALBERTO GONZALES, Attorney | ) | |
| General of the United States; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court in the above-entitled matter are Plaintiff's motions to reconsider the Magistrate Judge's Orders denying Plaintiff's motions to compel discovery.  The parties have filed their responsive briefing and the matter is now ripe for the Court's consideration.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**[1]

On March 16, 2003, the Plaintiff, Abdullah al-Kidd, was arrested at Dulles International Airport in Virginia and detained as a material witness in the case of United States of America v. Sami Omar Al-Hussayen.   Mr. al-Kidd was transported back to Idaho detained in custody for sixteen days until his release in Boise, Idaho on March 31, 2003.  Mr. al-Kidd's release was conditioned upon his surrender of his passport, travel restrictions, and  certain other release conditions. Mr. al-Kidd was not called to testify.   Following the conclusion of the Al-Hussayen trial, on June 16, 2004, Mr. al-Kidd's release conditions were removed.

Thereafter, Mr. al-Kidd filed a complaint against several defendants alleging civil rights violations under various different statutes and Constitutional Amendments.   (Dkt. No. 40).   The defendants referred to as the "Federal Defendants" include the United States, FBI Agent Michael Gneckow, and FBI Agent Scott Mace.  The Federal Defendants are those from whom Mr. al-Kidd has made the discovery requests at issue in this order.

**Standard of Review**

A party objecting to a Magistrate Judge's ruling on a pretrial motion may, within ten days of entry of the order, file a motion seeking review by the assigned

---

[1]  As noted in the Magistrate Judge's Order (Dkt. No. 201) the facts and procedural background are more fully set forth in the Court's prior opinions (Dkt. Nos. 78, 79).

District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection.  <u>See</u> 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72.  The objecting party must show that the Magistrate Judge's order to be "clearly erroneous or contrary to law."  <u>Id.</u>; <u>see also</u> <u>Rockwell lnt'l, Inc. v. Pos-A-Traction, Inc.</u>, 712 F.2d 1324, 1325 (9th Cir. 1983) ("Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter, where it has been shown that the magistrate's order is clearly erroneous or contrary to law.") (citation omitted); <u>Folb v. Motion Picture Industry Pension & Health Plans</u>, 16 F.Supp.2d 1164, 1168 (C.D. Cal. 1998) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's determination of non-dispositive pretrial matters if the magistrate's order is clearly erroneous or contrary to law.  Similarly, Federal Rule of Civil Procedure 72(a) provides that magistrate judges' rulings on nondispositive motions may be set aside or modified by the district court only if found to be 'clearly erroneous' or 'contrary to law.'"); <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991).  "The clearly erroneous standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law."  <u>Wolpin v. Philip Morris Inc.</u>, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citations and quotations omitted).  "To conclude that a magistrate judge's decision is clearly erroneous, the district court must arrive at a definite and firm conviction that a mistake has been committed."  <u>Folb v.</u>

Motion Picture Industry Pension & Health Plans, 16 F.Supp.2d 1164, 1168 (C.D. Cal. 1998) (citation and quotation omitted); see also Coleman v. Schwarzenegger, 2008 WL 2468492 *1 (E.D. Cal. 2008) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.") (citation and quotations omitted).

"Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the 'clearly erroneous or contrary to law' standard of review." Coleman, 2008 WL 2468492 *1 (citing Rockwell, 712 F.2d at 1325). "Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter, where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Toven v. Metropolitan Life Ins. Co., 517 F.Supp.2d 1174, 1175 (C.D. Cal. 2007) (quoting Rockwell, 712 F.2d at 1325 (quoting 28 U.S C. § 636(b)(1)(a)). "[T]he magistrate judge['s] decision ... is entitled to great deference by the district court." Id. (quoting United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001)).

In Mr. al-Kidd's motion to reconsider the Magistrate Judge's denial of the motion to compel discovery, the parties agree that the applicable standard is the clearly erroneous or contrary to law standard. (Dkt. Nos. 206, p. 6; 219, p. 6; 245). However, in his motion to compel deposition, Mr. al-Kidd argues the abuse of

MEMORANDUM ORDER - 4
08/ORDERS/AL-KIDD_DISCOVERY

discretion standard applies, citing <u>Geophysical Systems Corp. v. Raytheon Co.,</u>

<u>Inc.</u>, 117 F.R.D. 646, 647 (C.D. Cal. 1987).   In <u>Geophysical Systems</u>, the court

applied an implicit abuse of discretion standard in reviewing the magistrate judge's

decision concerning an evidentiary question of relevancy stating: "the Court must

review the magistrate's order with an eye toward the broad standard of relevance

in the discovery context.  Thus, the standard of review in most instances is not the

explicit statutory standard, but the clearly implicit standard of abuse of discretion."

<u>Id.</u> at 647.    The <u>Geophysical</u> decision, however, is limited to relevance

determinations and, therefore, the abuse of discretion standard does not apply

where relevancy is not at issue.   See <u>Wolpin</u>, 189 F.R.D. at 422; <u>Folb</u>, 16

F.Supp.2d at 1168 n. 2.  Accordingly, the Court will apply the abuse of discretion

standard to the relevancy arguments and the statutory clear error standard to the

remaining arguments.

**Analysis**

I.     <u>Motion to Compel Discovery</u>

On December 10, 2007, Magistrate Judge Mikel H. Williams entered an

order granting in part and denying in part Plaintiff, Abdullah al-Kidd's motion to

compel.  As to the documents relating to the foreign intelligence investigation, the

Magistrate Judge ordered the Federal Defendants to comply with the procedures in

50 U.S.C. §§ 1806 and 1825 and provide the requisite affidavit for the Court's

consideration.  The Magistrate Judge denied the remainder of the motion to

MEMORANDUM ORDER - 5
08/ORDERS/AL-KIDD_DISCOVERY

compel on the grounds that the materials were subject to either the executive or law enforcement privileges.  The Magistrate Judge ultimately directed the Federal Defenders to "produce all relevant non-privileged materials pertaining to Plaintiff and requested in Plaintiff's discovery requests.  Such evidence excludes any information about others and is limited in scope up to June 16, 2004."  (Dkt. No. 201).  Mr. al-Kidd objects arguing the Magistrate Judge erred in concluding the materials are subject to the privileges primarily because the Magistrate Judge did not conduct the necessary balancing of his interests in obtaining the evidence and the governmental harms in revealing the information in light of Mr. al-Kidd's willingness to accept the materials under a protective order.  By failing to consider the use of a protective order, Mr. al-Kidd argues, the Magistrate Judge clearly erred and the decision should be reversed.

The Court finds the Magistrate Judge did not clearly err or render a finding contrary to law in denying the motion to compel discovery.  The Magistrate Judge set forth the appropriate standards and properly considered and applied those standards to the motion.

Just as suggested by the cases cited by Mr. al-Kidd in his motion for reconsideration, the Magistrate Judge's Order specified that when asserting the application of a privilege, the government's affidavit should include "a description of how disclosure subject to a carefully crafted protective order would create a

MEMORANDUM ORDER - 6

substantial risk of harm to significant governmental or privacy interests." [2]   (Dkt. No. 201, p. 9).   The absence of a specific discussion regarding the use of a protective order does not demonstrate clear error.   The Magistrate Judge's decision properly explains the basis for denying the motion to compel.   Regardless, this Court has reviewed the requested materials and concludes that the use of a protective order, even one limited to "attorney's eyes only" as suggested by Mr. al-Kidd, would not adequately protect the governmental interests weighing in favor of non-disclosure.   See e.g.  (Dkt. No. 188, Ex. F, p. 5).

The Magistrate Judge also determined that certain of the requested materials were not relevant to Mr. al-Kidd's claims and, therefore, beyond the discovery requirements of Rule 26(b)(1).   (Dkt. No. 201, p. 17) ("what happens to others around the country, or what occurred at times other than the time frame of Plaintiff's arrest and detention, is not relevant.").   Mr. al-Kidd claims the Magistrate Judge's decision was "clearly erroneous and contrary to law in applying an impermissibly narrow standard of relevance to justify withholding of material." (Dkt. No. 245, p. 7).  Mr. al-Kidd challenges the temporal limit placed upon the discovery by the Magistrate Judge, arguing that evidence post-dating his June 16, 2004 release date is relevant to the inquiry of whether the Defendants arrested him because he was viewed as a suspect and not merely a material

---

[2]   The cases cited by Mr. al-Kidd in his briefing on the motion to reconsider have similar language to that used by the Magistrate Judge.  (Dkt. No. 245, p. 3) (citing Hampton v. City of San Diego, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993) and other cases).

witness.  Mr. al-Kidd further contends that evidence of other detainees is relevant to demonstrate to the jury a pattern or practice by the Government of using the material witness statute to unlawfully detain individuals suspected of terrorist activities in the post 9-11 era.  The Federal Defendants counter that limiting discovery to information applicable to Mr. al-Kidd's arrest and detention and applying the June 16, 2004 cut-off is appropriate given the nature of Mr. al-Kidd's claims as alleged in the complaint.

The Court concludes that the relevance standard employed by the Magistrate Judge is appropriate.  The Court further finds the Magistrate Judge did not abuse his discretion in applying the relevancy standard.  Relevant information for purposes of discovery is information reasonably calculated to lead to discovery of admissible evidence.  Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005) (citing Fed.R. Civ. P. 26(b)(1)).  Mr. al-Kidd claims are particular to his arrest and detention.  The requested materials regarding other individuals detained under the material witness statute would undoubtedly be of interest to the jury and would "strengthen" Mr. al-Kidd's theory of the case, however, such evidence does not go to prove the elements of the claims raised by Mr. al-Kidd in this case.  (Dkt. No. 245, p. 6).

Further, even if such evidence were relevant, the Magistrate Judge properly concluded that the materials are privileged and the Federal Defendant's interest in withholding the material outweighs the Plaintiff's need for the information.

MEMORANDUM ORDER - 8

Relevance was only one factor the Magistrate Judge was to consider.  Just because material may be relevant does not also automatically mean it is discoverable. Likewise, limiting the scope of discovery to the time period ending on June 16, 2004 appropriate.  As stated previously, Mr. al-Kidd's claims are particular to his arrest and detention which ended on June 16, 2004.  This Court agrees with the Magistrate Judge's conclusion that discovery requests for information beyond the termination of his release conditions on June 16, 2004 is not relevant to his claims is not  is not clear error or an abuse of discretion.  See Grimes, 951 F.2d at 241 ("The reviewing court may not simply substitute its judgment for that of the deciding court.") (citation omitted); Surfvivor, 406 F.3d at 635 (stating "[d]istrict court have broad discretion in determining relevancy for discovery purposes.") (citation omitted); Curto v. Medical World Communications, Inc., 2008 WL 2371155 *3 (E.D.N.Y. 2008) (citing Nikkal Indus., Ltd. v. Salton, Inc., 689 F.Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.")).  Accordingly, the Court finds the Magistrate Judge's decision is not clearly in error or contrary to law and that he did not abuse his discretion in denying in part Mr. al-Kidd's motion to compel discovery.

II.    <u>Motion to Compel Deposition</u>

On December 7, 2007 Mr. al-Kidd noticed a Rule 30(b)(6) deposition to occur on December 12, 2007 of

> The current or former employee at the Justice Department (including the Federal Bureau of Investigation) with the most knowledge about the FBI's use of the federal material witness statute in terrorism-related cases or investigations between September 11, 2001 and June 16, 2004.

Federal Defendants objected to the notice and no deposition was ever held.  On December, 14, 2007, the discovery deadline, Mr. al-Kidd filed a motion to compel deposition pursuant to Rule 30(b)(6) seeking to compel the Federal Defendants to produce the individual requested.  On April 7, 2008, the Magistrate Judge issued an Order denying Mr. al-Kidd's motion to compel a deposition.  (Dkt. No. 244).

In denying the motion, the Magistrate Judge found the notice of deposition provided to the Federal Defendants to be unreasonable and untimely. The motion to reconsider challenges that finding and argues the motion to compel should have been granted because the request was reasonable, the testimony is relevant and necessary to his claims, Mr. al-Kidd was willing to accommodate scheduling issues, and the Federal Defendants would not be prejudiced by going forward with the deposition.

This Court finds that the Magistrate Judge's Order was consistent with the law and absent of any clear error or abuse of discretion.  In fact, this Court is in agreement with the Magistrate Judge that the notice of deposition was

MEMORANDUM ORDER - 10

unreasonable and untimely.  Federal Rule of Civil Procedure 30(b)(1) requires that reasonable notice be given.  Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party.").  The notice of deposition here was given to the Federal Defendants after normal business hours on a Friday, five days before the deposition was to be taken.  The deposition was scheduled for two days before the discovery cutoff which had been previously extended twice.  Any arguments by Mr. al-Kidd placing blame for the delay in noticing and scheduling the deposition, including blaming the Magistrate Judge's December 10, 2007 Order, fails.  The claims raised in this case against the Federal Defendants have existed for quite some time.  The fact that the testimony is relevant to the claims only further evidences the fact that the deposition should have been sought earlier.  Accordingly, the Court finds the denial of the motion to compel (Dkt. Nos. 202, 244) was proper and the motion to reconsider (Dkt. No. 246) is denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Plaintiff's Motion for Reconsideration.  (Dkt. Nos. 213, 246).

DATED:  **July 17, 2008**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 11
08/ORDERS/AL-KIDD_DISCOVERY