UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ABDULLAH AL-KIDD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-093-EJL-MHW |
| | ) | |
| v. | ) | ORDER ADOPTING REPORT AND |
| | ) | RECOMMENDATION |
| ALBERTO GONZALES, Attorney General | ) | |
| of the United States; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 18, 2012, United States Magistrate Judge Mikel H. Williams issued a Report

and Recommendation, on the parties' Cross-Motions for Summary Judgment concerning the

individual Defendants remaining in this case. Any party may challenge a Magistrate Judge's

proposed recommendation by filing written objections within fourteen days after being

served with a copy of the Magistrate Judge's Report and Recommendation. 28 U.S.C. §

636(b)(1)(C).[1] The district court must then "make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made."

*Id.* The district court may accept, reject, or modify in whole or in part, the findings and

recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). Both

sides filed objections to the Report and Recommendation which the Court has considered *de*

*novo* and finds as follows.

---

[1] In this case, the Court granted the parties' request for extension of time to file objections and
responses thereto. (Dkt. 339.) The parties objections and responses have been timely filed in this matter.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

**DISCUSSION**

The factual and procedural background in this matter has been thoroughly and properly set forth in the Report and Recommendation ("Report"). (Dkt. 336.) As such, this Court incorporates that discussion in this Order and will restate the same only as necessary to this Court's discussion of the matters considered in this Order. The Cross-Motions for Summary Judgment considered here are those pertaining to the Plaintiff's Fourth Amendment claim against the individual Defendants FBI Agents Michael Gneckow and Scott Mace.

The Plaintiff's Fourth Amendment claim is premised on two arguments: a *Malley* claim and a *Franks* claim. (Dkt. 310 at 6) (Dkt. 340 at 1.) Both claims assert the Defendants' failed to satisfy the materiality and impracticability prongs of the material witness statute. *See* 18 U.S.C. § 3144. The *Malley* claim alleges the warrant was facially deficient such that no reasonable officer could have believed the warrant established probable cause. *See Malley v. Briggs*, 475 U.S. 335 (1986). The *Franks* claim requires the Court to determine whether a substantial preliminary showing has been made that the warrant affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the warrant affidavit, and that the allegedly false statement was necessary to the probable cause finding. *See Franks v. Delaware*, 438 U.S. 154 (1978). The Report recommends that Plaintiff be granted summary judgment as to the *Franks* claim against Agent Gneckow. As to Agent Mace, the Report suggests that this Court undertake a *de novo* review of the warrant application to determine whether probable cause to arrest Plaintiff had

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

been established. (Dkt. 336 at 41.) The Court will take up the parties objections as to each of the individual Defendants in turn below.

**1.      Cross-Motions for Summary Judgment as to Agent Gneckow**

      **A.      Defendants' Objections**

            **i.      Improper Finding of Reckless Disregard for the Truth**[2]

The Report concludes that summary judgment should be granted in favor of the Plaintiff on the *Franks* claim against Agent Gneckow. (Dkt. 336 at 19.) Essentially, the Report found the Plaintiff had made a substantial showing that Agent Gneckow made a deliberate falsehood or recklessly disregarded the truth in the warrant affidavit and that without the false information the affidavit was insufficient to establish probable cause. (Dkt. 336 at 22.) In particular, as to the impracticability prong of the material witness statute.[3] The Report discusses the misrepresentations concerning Plaintiff's plane ticket; that it was a first class, one-way ticket to Saudi Arabia, costing $5,000 when in reality it was a round trip ticket with no scheduled return date, coach class, costing approximately $2,000. (Dkt. 336 at 21.) In addition, the Report points to several omissions from the warrant application: 1) Plaintiffs prior cooperation with the FBI, 2) Plaintiff was a native-born United States citizen with a wife, son, and other family living in the United States, 3) Plaintiff was not informed that his testimony may be needed or that he should not travel, 4) Plaintiff was not told to

---

[2] The Court has taken up this objection out of the order presented by the Defendants as it seems more logical for the Court to address this objection first. (Dkt. 342.)

[3] The two prongs of the material witness statute inquiry are that 1) the subject individual's testimony is material and 2) it may become impracticable to secure their presence by subpoena. *See* 18 U.S.C. § 3144.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

inform the FBI prior to any oversea's travel, and 5) Plaintiff had not been contacted by the FBI in over eight months. (Dkt. 336 at 22.)

Defendants challenge the Report's conclusion that the warrant application did not meet the second requirement of the material witness statute, probable cause as to whether it is impracticable to secure the presence of the person by subpoena. (Dkt. 342 at 7.) Defendants argue the record does not support finding Plaintiff had made a "substantial showing" that Agent Gneckow was reckless in failing to include material facts in the warrant application as to whether a subpoena would not have secured the Plaintiff's presence at the al-Hussayen trial in 2003. (Dkt. 342 at 13.) The Report, the defense argues, improperly analyzed the impact of: 1) Agent Gneckow's failure to ascertain the purpose for the Plaintiff's travel to Saudi Arabia, 2) the omission of Plaintiff's ties to the United States, and 3) the prosecutor's role in deciding whether to seek a material witness warrant. (Dkt. 342 at 9-12.) Plaintiff counters that the Report properly analyzed the impracticability prong of the material witness statute in concluding that the omitted information – i.e. past cooperation, citizenship, and family/community ties – was relevant to the probable cause determination. (Dkt. 348 at 6.) Further, the Plaintiff asserts the Report properly concluded that Agent Gneckow acted intentionally or recklessly in omitting material facts and making false statements in the warrant application. (Dkt. 348 at 1.) This Court has reviewed *de novo* the record in this matter as well as the parties' arguments and finds as follows.

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

As to the facts surrounding the plane ticket, the Defendants disagree with the Report, arguing Agent Gneckow received the information he ultimately put in the warrant affidavit from ICE Agent Alvarez on March 13, 2003. Defendants point out that Agent Gneckow called the FBI Agent assigned to Dulles International Airport to confirm the Plaintiff was scheduled to leave for Saudi Arabia and also the precise date and time of his scheduled departure; all of which was accurate as stated in the warrant. (Dkt. 342 at 14-15.) In addition, Defendants state, Agent Gneckow did not know the other details concerning the Plaintiff's plane ticket – its price, first class, and round trip – were inaccurate as he relied upon ICE Agent Alvarez's information.

Although he failed to confirm all of the details concerning the plane ticket, the Court recognizes that Agent Gneckow did confirm the scheduled departure date and time for the flight. As to the details concerning the ticket that were in error, with the exception of the fact that the ticket was not round trip, the Court generally agrees that inaccurate details, in and of themselves, would not support a finding of recklessness. The particular facts about the plane ticket, however, are not the only ones relevant to the issue presented here. (Dkt. 336 at 21-28.) The importance of the facts concerning the flight taken together with the material omissions discussed below is the basis upon which this Court is in agreement with the Report's finding of a reckless disregard for the truth and the necessity of those omitted facts to the probable cause finding. (Dkt. 336 at 22-23) (discussing "the totality of the information in the affidavit juxtaposed with the information about the plane ticket.")

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

As to the facts omitted from the warrant affidavit, this Court agrees with the Report that they were material and necessary to the probable cause finding and their omission was reckless. Agent Gneckow had been conducting a three-year investigation into Mr. al-Hussayen's activities which included knowledge of and contact with Plaintiff. In particular, this Court finds the omissions that the Plaintiff 1) is a United States citizen with familial and community ties to the United States and 2) had previously cooperated with law enforcement were material and necessary to the Magistrate Judge's probable cause determination. Based on his involvement in the al-Hussayen investigation, the Court agrees that these omitted facts were known to Agent Gneckow and it was reckless for him to have not included them in the warrant affidavit. The defense argument that the investigation was as to Mr. al-Hussayen and not the Plaintiff is unpersuasive. Agent Gneckow's investigation clearly included contacts, interviews, and knowledge of the Plaintiff such that he would have or should have known of the omissions in the affidavit. In addition, this Court agrees that the omissions were material and had they been known to the Magistrate Judge reviewing the warrant they certainly would have gone against finding probable cause.

Moreover, without the omissions, the warrant affidavit is drafted such that it misrepresents the facts and circumstances surrounding the Plaintiff and the impracticability of securing his presence by subpoena at the trial. As the Report describes, without the relevant information concerning the Plaintiff that was omitted, the affidavit makes it appear as if the Plaintiff was a citizen of Saudi Arabia, was involved with money transfers from a suspected terrorist, and was fleeing the country shortly after those he was involved with had

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

been indicted and/or arrested. (Dkt. 336 at 23-27.) This is particularly troubling for the Court. When presented with a warrant application, courts are tasked with making a decision that necessarily is based upon the information presented to it by law enforcement. Undoubtedly law enforcement officers who bring a warrant application to a court truly believe the warrant is lawfully sought. The problem in this case is that the failure to include the omitted information cast an incomplete picture of the individual and the surrounding circumstances such that the affidavit misrepresented the true nature of the situation and the Plaintiff himself. This evidences the reckless disregard for the truth as to Agent Gneckow.

Further, AUSA Lindquist's review of the warrant application does not cure the *Franks* violation here. AUSA Lindquist was in no better position that the Magistrate Judge to evaluate probable cause given he, like the Magistrate Judge, did not know the omitted material facts which this Court has determined Agent Gneckow should have included in the warrant application and his failure to do so was a reckless disregard for the truth. (Dkt. 310-4, Ex. 2, Gneckow Dep. at 201) (Dkt. 310-4, Ex. 7, Lindquist Dep. at 17, 43-44, 104.) Thus, the fact that AUSA Lindquist reviewed the warrant application does not absolve Agent Gneckow from liability.

As to the Defendants' objections regarding the Report's statement that Agent Gneckow failed to further investigate the information he received from Agent Alvarez, this Court clarifies that the conduct found to have violated *Franks* here is not the failure to conduct a further investigation, in and of itself, but the fact that the omissions from the warrant application would have negated the finding of probable cause and the

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

misrepresentation of the facts and circumstances in the drafting of the warrant application. It was reckless for Agent Gneckow to have not included those material omissions in the warrant application given what he knew from his investigation. (Dkt. 336 at 26-29.) That some of the information included in the warrant application ultimately turned out to be false does not, in and of itself, amount to a *Franks* violation. This Court recognizes that in *Franks*, the Court stated that "truthful" does not mean that "every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants." *Franks*, 438 U.S. at 165. The critical element is that the "information put forth is believed or appropriately accepted by the affiant as true." *Id.* Here Agent Gneckow verified certain of the facts concerning the flight – date, time, and destination – thus it seems reasonable for him to have believed all of the information given to him by Agent Alvarez was correct even though he did not verify all of the information about the Plaintiff's ticket – price, class, and round trip. Again though, the *Franks* violation in this case is the reckless disregard for the truth stemming from the omission of material facts in the warrant application.

The Report does discuss avenues in which Agent Gneckow could have verified the facts concerning the ticket information and/or other efforts he could have made to further investigate information possibly relevant to the warrant application; including verifying the ticket information and/or investigating the Plaintiff's purpose for traveling to Saudi Arabia. (Dkt. 336.) This Court clarifies that it is not concluding that Agent Gneckow was required to conduct further investigation. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir.

ORDER ADOPTING REPORT AND RECOMMENDATION - 8

2009) (stating once an officer has probable cause he or she is not required to continue to investigate or seek further corroboration.). Here, Agent Gneckow's action were reckless because the omissions were basic information about the Plaintiff known to Agent Gneckow which were obviously material to the Magistrate Judge's probable cause determination. To this end, the Court agrees with and incorporates herein the Report's discussion concerning the misleading and highly suggestive picture of the facts and circumstances surrounding the Plaintiff painted in the warrant application. (Dkt. 336 at 23-28.) What Agent Gneckow knew and left out of the warrant application, this Court finds, constitutes a reckless disregard for the truth and/or was designed to mislead the Magistrate Judge in his probable cause determination. *Franks*, 349 F.3d at 67-68. Furthermore, the very nature of the omissions themselves as well as the manner in which the warrant application was misleadingly drafted further support the conclusion that there was a reckless disregard for the truth in this case. Under these facts, the Court concludes that the Plaintiff is entitled to summary judgment against Agent Gneckow on his *Franks* claim.

### ii.    An Incorrect Assumption is Not Judicial Deception

Defendants argue that a law enforcement officer does not engage in judicial deception when he or she makes an incorrect assumption and fails to conduct further investigation. (Dkt. 342 at 4.) Specifically, Defendants challenge the Report's conclusion that Agent Gneckow is liable because he failed to conduct further investigation to affirm his assumption that the Plaintiff was fleeing the country. Just the opposite, Defendants argue based on what Agent Gneckow knew at the time, he had probable cause to believe it may become

ORDER ADOPTING REPORT AND RECOMMENDATION - 9

impracticable to secure Plaintiff's presence at the al-Hussayen trial by subpoena; which is what is required under the material witness statute 18 U.S.C. § 3144. (Dkt. 342 at 5.)

In response to the Defendants' objections, Plaintiff argues that it does not matter whether Agent Gneckow actually knew the information omitted but, rather, the question here is whether Agent Gneckow acted recklessly in failing to verify certain facts and omitting other facts in the warrant application. (Dkt. 348 at 1-5.) Stated differently, Plaintiff argues he is not required to show that Agent Gneckow deliberately intended to mislead the Magistrate Judge, he is liable if he included or excluded information recklessly thereby misleading the court.

To survive summary judgment on a claim of judicial deception, a plaintiff need not establish specific intent to deceive the issuing court. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (citing *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1124 (9th Cir. 1997)). Rather, the plaintiff must (1) establish that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a "substantial showing" that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth. *Id.* (citing *Ewing*, 588 F.3d at 1223–24); *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002); *Liston v. County of Riverside*, 120 F.3d 965, 973–74 (9th Cir. 1997)). As discussed in the preceding section, the Court finds both of these elements have been shown by the Plaintiff in this case.

"The federal material-witness statute authorizes judges to 'order the arrest of [a] person' whose testimony 'is material in a criminal proceeding ... if it is shown that it may

become impracticable to secure the presence of the person by subpoena.'" *Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S.Ct. 2074, 2079 (2011) (quoting 18 U.S.C. § 3144). Thus, the two prongs of the inquiry are that 1) the subject individual's testimony is material and 2) it may become impracticable to secure their presence by subpoena. Here, it is the impracticability prong that is in dispute. Law enforcement concluded the Plaintiff was fleeing the United States making it impracticable to secure his presence at the al-Hussayen trial. This conclusion, however, was based on false facts and mischaracterized and/or omitted material facts concerning the totality of the circumstances surrounding the Plaintiff and his travel.

The Court does not find fault in the fact that the Defendants arrived at a conclusion or assumption concerning the Plaintiff's travel intentions that now appears to be in error. Doing so would be to view the case with twenty-twenty hindsight which is unfair to those involved at the time who were not afforded such clarity or had the ability to see into the future. The fact that law enforcement may ultimately have been wrong in their conclusions when viewed through such hindsight is not the basis for a Fourth Amendment claim nor the way in which this Court has viewed this case. The constitutional violation in this case is the failure by law enforcement to properly present the complete picture of the circumstances with accurate facts in the warrant application so that the Magistrate Judge could make an appropriate probable cause determination. The recklessness found here is based on the type, nature, and number of misstatements and omissions in the warrant affidavit that were material to the probable cause determination. Particularly given the length of the investigation concerning the matter in which the Plaintiff was sought to testify in, the

circumstances of that investigation including the Plaintiff's cooperation, and the facts about Plaintiff known to law enforcement at the time the warrant was submitted but not included in the warrant application.

As noted above, the omitted facts were clearly material to the Magistrate Judge's probable cause determination. Further, the manner in which the warrant application was drafted was extremely misleading so much so that once the omitted facts known to Agent Gneckow are considered it evidences a reckless disregard for the truth. As the warrant and affidavit read at the time they were submitted, it makes it seem that the Plaintiff is a citizen of Saudi Arabia with apparent ties to another Saudi Arabian citizen who is suspected of possible terrorist activities. However, when the omitted facts are included, the Plaintiff is then known to be a United States citizen, who attended college in the United States, has a wife and children in the United States, and had previously cooperated with law enforcement in their investigation. With the omitted facts included, the warrant application does not establish probable cause as to the impracticability of securing the Plaintiff's presence at the al-Hussayen trial. Thus, the failure of Agent Gneckow to include those material facts in the warrant application was reckless and the basis upon which the Motion for Summary Judgement is granted in favor of the Plaintiff.

### iii.    Improper Denial of Qualified Immunity

Defendants maintain they should be afforded qualified immunity. (Dkt. 345 at 6.) Plaintiff asserts that Defendants are not entitled to qualified immunity once *Franks* liability has been established and, regardless, Agent Gneckow's actions were unreasonable thus

ORDER ADOPTING REPORT AND RECOMMENDATION - 12

precluding the application of qualified immunity. (Dkt. 348 at 7-8.)

The parties do not appear to question the law on qualified immunity as stated in the Report. (Dkt. 336 at 18-19.) What is in question on this objection is the Magistrate Judge's application of the facts of this case to that law on the *Franks* claim. Here, however, once it is determined that a *Franks* violation occurred, qualified immunity does not apply. *See Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1295 (9th Cir. 1999); *Harvey v. Estes*, 65 F.3d 784, 788-89 (9th Cir. 1995) (In order to defeat qualified immunity, a plaintiff must "establish both a substantial showing of the deliberate falsity or reckless disregard of the truth of the statements in the affidavit and the materiality of those statements to the ultimate determination of probable cause."); *see also* (Dkt. 336 at 21.) Because the Plaintiff established both prongs of the *Franks* claim against Agent Gneckow, the Court concludes Agent Gneckow is not entitled to qualified immunity. Accordingly, the objection is denied.

### iv.   Improper Granting of Summary Judgment to Plaintiff

Defendants challenge the Report's recommendation that Plaintiff be granted summary judgment, arguing instead that a trial is required. (Dkt. 342 at 16.) Plaintiffs dispute the objection arguing summary judgment in favor of a plaintiff in a *Franks* cases is proper. (Dkt. 348 at 9.)

Here, the Report recommends that summary judgment be entered in favor of the Plaintiff on his *Franks* claim against Agent Gneckow. (Dkt. 336 at 41.) In doing so the Report details the material facts surrounding the events in question and concludes that Plaintiff prevails on his *Franks* claim. (Dkt. 336 at 19-30.) This Court has reviewed the

ORDER ADOPTING REPORT AND RECOMMENDATION - 13

record *de novo* and, as discussed in this Order, is in agreement with the conclusion reached in the Report. The Defendants' objection cites to cases distinct from this case where questions of fact remained as to the *Franks* claim. (Dkt. 342 at 16.) That is not the case here. The undisputed material facts establish as a matter of law that the Plaintiff prevails on his *Franks* claim against Agent Gneckow and, therefore, is entitled to summary judgment on that claim. This is true even viewing the facts in the light most favorable to Agent Gneckow, the non-moving party. *See High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990); *see also* (Dkt. 336 at 16.) Accordingly, the Court finds it proper and appropriate in this case to grant the Plaintiff's Motion for Summary Judgment on the *Franks* claim against Agent Gneckow.

### B.     Plaintiff's Objections

In the event the Court were to not grant summary judgment as to Agent Gneckow on the *Franks* claim, Plaintiff argues summary judgment is appropriate against Agent Gneckow on the *Malley* claim. (Dkt. 340.) Defendants oppose this argument asserting that both Agents are entitled to summary judgment on the *Malley* claim. (Dkt. 345 at 6.) Defendants contend that the warrant application established probable cause and even if it did not, that both Agents acted reasonably under the circumstances such that they are entitled to qualified immunity. The Defendants further assert Agent Gneckow is entitled to qualified immunity because "he did not know that the flight information included in the affidavit was incorrect, he consulted with AUSA Lindquist regarding what information to include in the affidavit, and Magistrate Judge Williams signed the warrant application authorizing issuance of the

ORDER ADOPTING REPORT AND RECOMMENDATION - 14

arrest warrant." (Dkt. 345 at 7.) Because the Court has adopted the Report's recommendation and will grant Plaintiff summary judgment on the *Franks* claim as to Agent Gneckow, the Court need not discuss the alternative argument concerning the *Malley* claim.

**2.      Cross-Motions for Summary Judgment as to Agent Mace**

   **A.      Plaintiff's Objections**

      **i.      *Franks* Claim**

Plaintiff objects to the Report's conclusion that Agent Mace is not liable under *Franks*. Plaintiff argues Agent Mace, as the agent submitting a sworn affidavit in support of the warrant to a court, was required to assess the warrant application for himself to determine that it satisfied the relevant legal standard regardless of the fact that he appears to be only a "proxy" affiant. (Dkt. 340.) Defendants counter that the Report correctly concludes that Agent Mace is entitled to summary judgment on Plaintiff's judicial deception theory. (Dkt. 345 at 2.) In particular, that Agent Mace reasonably relied upon Agent Gneckow and AUSA Lindquist's determination that probable cause existed to seek the material witness warrant. (Dkt. 345 at 6.)

The Report concluded that Plaintiff's claim against Agent Mace cannot, as a matter of law, satisfy the *Franks* requirements because there "is an absence of any facts that Agent Mace knowingly and intentionally, or with reckless disregard for the truth, included a false statement or omitted pertinent facts." (Dkt. 336 at 31.) This Court agrees with the Report. Unlike Agent Gneckow, Agent Mace contributed nothing to the warrant application or affidavit. His involvement was limited to relaying the information received from Agent

ORDER ADOPTING REPORT AND RECOMMENDATION - 15

Gneckow to the Magistrate Judge. Thus, Agent Mace did not intend to deceive the Magistrate Judge or recklessly disregard the truth in submitting the warrant application and affidavit.

Plaintiff challenges this conclusion arguing Agent Mace should be liable for failing to know the proper legal standard for issuance of a material witness warrant and questioning the affidavit's sufficiency. The Court disagrees. Based on the undisputed facts and circumstances in this case, which this Court has reviewed *de novo*, this Court is in agreement with and incorporates herein the Report's recitation of the same and concludes that Agent Mace acted reasonably and is entitled to summary judgment on the *Franks* claim.

### ii.   *Malley* Claim

The Report recommends that this Court make a *de novo* determination as to whether the arrest warrant on its face was supported by probable cause to find the Plaintiff's testimony was material and that it would be impracticable to secure his presence at trial by subpoena. (Dkt. 336 at 33.) The outcome of that review then dictates the next analytical step this Court takes concerning the *Malley* claim. (Dkt. 336 at 38.) The Court agrees this is the best approach for addressing the issues surrounding this claim.

### a)   Probable Cause Determination

The application for arrest warrant of material witness presented in this case is straight forward in that it refers to the al-Hussayen Indictment, the charges in that case, alleges Plaintiff's testimony is material to the prosecution in that case, and alleges there is a risk that Plaintiff's testimony may be unavailable if he is not detained or his travel restricted. (Dkt. 306, Ex. 5.)

ORDER ADOPTING REPORT AND RECOMMENDATION - 16

The al-Hussayen Indictment was filed February 13, 2003; just over a month before the warrant at issue in this case was sought. The nineteen page Indictment details the eleven visa fraud and false statement charges against Mr. al-Hussayen which include that he is a citizen of Saudi Arabia and was attending the University of Idaho in the Computer Science PhD program. (Dkt. 306, Ex. 4.) The Indictment goes on to detail the Government's allegations concerning Mr. al-Hussayen's web-site activities which allegedly involved IANA,   accommodating materials that advocated violence against the United States, recruitment of members to IANA, and instigation of acts of violence and terrorism. (Dkt. 306, Ex. 4.) Finally, the Indictment contains allegations of Mr. al-Hussayen's financial and business activities including multiple bank accounts, receipts, disbursements, and transfers of large sums of money from those accounts, payments to IANA, funding of travel related to IANA for himself and others, and telephone contacts. (Dkt. 306, Ex. 4.)

The warrant application also references the Affidavit of Agent Mace and is signed by AUSA Lindquist. The Affidavit of Agent Mace contains eight numbered paragraphs relaying the information provided to him by Agent Gneckow. (Dkt. 306, Ex.  5.) Paragraph 6 of the Affidavit details the information law enforcement had discovered in its investigation of Mr. al-Hussayen concerning Plaintiff's alleged connection to Mr. al-Hussayen including that Plaintiff had: received payments in excess of $20,000 from Mr. al-Hussayen, traveled to Yemen, met with Mr. al-Hussayen and his associates upon his return, attended an IANA conference, and had connections to other IANA individuals. (Dkt. 306, Ex. 5.) Paragraph 7 provides the alleged travel information for Plaintiff and states:

ORDER ADOPTING REPORT AND RECOMMENDATION - 17

> Kidd is scheduled to take a one-way, first class flight (costing approximately $5,000.00) to Saudi Arabia on Sunday, March 16, 2003, at approximately 6:00 EST. He is schedule to fly from Dulles International Airport to JFK International Airport in New York and then to Saudi Arabia.

(Dkt. 306, Ex. 5.) The final paragraph states:

> Due to Al-Kidd's demonstrated involvement with the defendant, Sami Omar Al-Hussayen, he is believed to be in possession of information germane to this matter which will be crucial to the prosecution. It is believed that if Al-Kidd travels to Saudi Arabia, the United States Government will be unable to secure his presence at trial via subpoena.

(Dkt. 306, Ex. 5.) The Affidavit is dated March 14, 2003, some two days before the scheduled flight, and signed by Agent Mace.

Having reviewed these materials *de novo*, this Court concludes that the undisputed record shows that the warrant application was not facially deficient such that summary judgment in favor of the Plaintiff on the *Malley* claim as to Agent Mace is appropriate. *See Malley*, 475 U.S. 335. The Court does not, however, conclude the affidavit and warrant application established legal probable cause for the issuance of the warrant. As discussed elsewhere in this Order, the omissions of material fact and misstatements of fact do not support a finding of probable cause to have granted the warrant. Instead, this Court finds that the above mentioned documents and the allegations contained therein as presented to the Magistrate Judge in March of 2003 on their face present an indicia of probable cause to believe that the Plaintiff's testimony was material to the case against Mr. al-Hussayen and if Plaintiff were not prevented from traveling to Saudi Arabia on his scheduled flight in two days that it may become impracticable to secure his presence at trial. *See United States v.*

*Awadallah*, 349 F.3d 42, 64 (2nd Cir. 2003) (citation omitted).

Thus, this Court's *de novo* review leads to the conclusion that while the warrant application and affidavit have more than an indicia of probable cause they do not contain legal probable cause. Thus, the warrant lies within the intermediate zone described in the Report. (Dkt. 336 at 39.)[4] Accordingly, the Court must now consider whether Agent Mace is entitled to qualified immunity.

### b)   Qualified Immunity

Plaintiff objects to the Report's recommendation that if the Court, after conducting a *de novo* review, concludes that the affidavit had at least some indicia of probable cause that summary judgment should be entered in favor of Agent Mace on qualified immunity grounds. (Dkt. 340 at 6.) Plaintiff maintains that it is never reasonable for an agent to submit a sworn affidavit to a court without knowing the proper legal standard and assured himself that the affidavit satisfies that standard. Defendants respond arguing both Agents are entitled to summary judgment on the *Malley* claim and, alternatively, should be afforded qualified immunity. (Dkt. 345 at 6.) In particular as to Agent Mace, Defendants argue Agent Mace is entitled to qualified immunity on the *Malley* claim because Plaintiff has not shown that the warrant application lacks any indicia of probable cause and, therefore, Agent Mace acted reasonably in that: his only role in the matter was to serve as a proxy for Agent Gneckow in submitting the warrant application, he reasonably relied on Agent Gneckow to present true

---

[4] This Court agrees with the Magistrate Judge's discussion and analysis of the law applicable on this point that qualified immunity is available to an officer if there was more than an indicia of probable cause existed even though legal probable cause is not shown. (Dkt. 336 at 39.)

ORDER ADOPTING REPORT AND RECOMMENDATION - 19

and accurate facts, he reasonably relied on Agent Gneckow and AUSA Lindquist's probable cause determination, and he was accompanied by another AUSA to present the warrant application who had also signed the warrant application. (Dkt. 345 at 7.)[5] Essentially, Defendants dispute the Plaintiff's judicial deception argument.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft*, 131 S.Ct. at 2080 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). District courts have discretion to decide which of the two prongs for qualified immunity to address first. *Id*. (citation omitted). This Court takes up the second prong first.

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Padilla v. Yoo*, 678 F.3d 748, 750 (9th Cir. 2012) (quoting *Ashcroft*, 131 S.Ct. at 2083) (citations and marks omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* To that end, the Court has explained that "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions," and directs that we not define "clearly established law at a high level of generality." *Id*. (citations and marks

---

[5] The Court has addressed this issue as to Agent Gneckow above. Thus, the discussion in this section of the Order is only as to Agent Mace.

ORDER ADOPTING REPORT AND RECOMMENDATION - 20

omitted).

The constitutional right at issue in this case is the Fourth Amendment's protection of a person's right to be free from unreasonable searches and seizures, which includes freedom from unreasonable arrests. *Ashcroft*, 131 S.Ct. at 2080 (citation omitted). Thus, an arrest must be reasonable in order to be deemed constitutional. *Id.* "Fourth Amendment reasonableness is predominantly an objective inquiry asking whether the circumstances, viewed objectively, justify [the challenged] action, whatever the subjective intent motivating the relevant officials." *Padilla*, 678 F.3d 758 (marks and citations omitted). On the *Malley* claim, Plaintiff maintains the warrant affidavit was facially deficient in that it failed to establish probable cause for the issuance of the material witness warrant and no reasonable officer in Agent Mace's position could have believed probable cause was shown. (Dkt. 310 at 8-16) (Dkt. 328 at 1-4.) In the objections to the Report, Plaintiff reasserts his position on the claim and, in particular, challenges that Agent Mace did not act reasonably in submitting a sworn affidavit to a court without knowing whether it is legally sufficient. (Dkt. 310 at 8-16) (Dkt. 328 at 1-4) (Dkt. 340 at 9.) Essentially, Plaintiffs challenge that Agent Mace should not be shielded by qualified immunity, which is designed to protect officers from reasonable mistakes, because his errors/actions were not reasonable. (Dkt. 340.)

Based on its own *de novo* review of the record in this case, this Court concludes that Agent Mace's conduct was objectively reasonable in this case such that he is entitled to qualified immunity. The fact that Agent Mace stated later that he did not know the legal standard does not preclude qualified immunity. Again, Agent Mace had no independent

ORDER ADOPTING REPORT AND RECOMMENDATION - 21

knowledge of the falsity of the statements and/or the material omissions in the warrant application and affidavit. Thus, Agent Mace's reliance on the materials provided was reasonable given his limited role and knowledge of the facts and circumstances of the investigation. Moreover, as the Court has determined above, the warrant contains an indicia of probable cause such that given what Agent Mace knew at the time, his reliance upon the information provided by other law enforcement officers was reasonable as was his belief that the warrant application supported a finding of probable cause. Agent Mace is precisely the kind of individual for which qualified immunity is meant to protect; one who acted in an objectively reasonable manner in presenting a warrant application and affidavit which, based on what he knew at the time, appeared to be supported by probable cause. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable) (citing *Malley*, 475 U.S. at 344–345) (stating police officers applying for warrants are immune if a reasonable officer could have believed that there was probable cause to support the application).[6] The fact that the warrant was later determined to be lacking does not open Agent Mace up to liability where his actions were objectively reasonable. *See Rosenblum v.*

---

[6] This finding as to Agent Mace is distinct from the Court's conclusion as to Agent Gneckow based on the knowledge and facts known to Agent Gneckow at the time the warrant application was made. *See Cunningham v. Gates*, 229 F.3d 1271, 1288 (9th Cir. 2000) ("in resolving a motion for summary judgment based on qualified immunity, a court must carefully examine the specific factual allegations against each individual defendant (as viewed in a light most favorable to the plaintiff).") (citation omitted).

ORDER ADOPTING REPORT AND RECOMMENDATION - 22

*Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011) ("An officer who makes an arrest without probable cause, however, may still be entitled to qualified immunity if he reasonably believed there to have been probable cause.") (citation omitted). The facts in this case evidence that Agent Mace acted reasonably and is entitled to qualified immunity. Accordingly, the Court will grant the Defendants' Motion for Summary Judgment as to Agent Mace on this claim and deny the Plaintiff's Motion for Summary Judgment on the same.

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that  Magistrate Judge Williams' Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on June 18, 2012 (Dkt. 336), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) Plaintiff's Cross-Motion for Summary Judgment as to Agent Gneckow (Dkt. 310) is **GRANTED**.

2) Defendants' Motion for Summary Judgment as to Agent Gneckow (Dkt. 306) is **DENIED**.

3) Plaintiff's Motion for Summary Judgment as to Agent Mace (Dkt. 310) is **DENIED**.

4)      Defendants' Motion for Summary Judgment as to Agent Mace (Dkt. 306) is
        **GRANTED**.



DATED:  **September 27, 2012**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 24