UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABDULLAH AL-KIDD, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-cv-093-EJL-MHW |
| | ) |
| v. | ) ORDER ADOPTING REPORT AND |
| | ) RECOMMENDATION |
| ALBERTO GONZALES, Attorney General | ) |
| of the United States; *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

On June 26, 2012, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation concerning the Plaintiff's Federal Tort Claims Act claim, recommending that Plaintiff's Motion for Summary Judgment be granted in part and denied in part and that Defendants' Motion for Summary Judgment be denied. Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C).[1] The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by

---

[1] In this case, the Court granted the parties' request for extension of time to file objections and responses thereto. (Dkt. 339.) The parties objections and responses have been timely filed in this matter.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). Both sides filed objections to the Report and Recommendation which the Court has considered *de novo* and finds as follows.

## DISCUSSION

The factual and procedural background in this matter has been thoroughly and properly set forth in the Report and Recommendation ("Report"). (Dkt. 337.) As such, this Court incorporates that discussion in this Order and will restate the same only as necessary to this Court's discussion of the matter in this Order. In the Report, the Magistrate Judge considered the Cross-Motions for Summary Judgment on Plaintiff's Federal Tort Claims Act ("FTCA") claim. (Dkt. 337.) Plaintiff's FTCA claim raises two arguments: abuse of process and false imprisonment. The Report concludes that Plaintiff's Motion for Summary Judgment should be granted in part and denied in part and that the Defendants' Motion should be denied. (Dkt. 337 at 29.) Essentially that Plaintiff be granted summary judgment on the false imprisonment claim and that the abuse of process claim proceed to trial. The Defendants object to this conclusion and ask for a *de novo* review of the issues presented; arguing they are entitled to summary judgment on the Plaintiff's FTCA claim. (Dkt. 343.) Defendant's maintain the Plaintiff failed to meet his burden to show a genuine issue of material fact exists on either of his FTCA claim arguments. (Dkt. 344.) The Plaintiff does not object to the Report but notes that in the event this Court does not adopt the Report's conclusions then Plaintiff requests entry of summary judgment in his favor on the reserved claim that there was an abuse of

process because the material witness statue is unconstitutional as applied to a cooperating witness. (Dkt. 341.)

## ANALYSIS

1.      **Discretionary Function Exception**

While generally agreeing with the Report's discussion of the law relevant to the discretionary function exception, Defendants object to the Report's conclusion arguing the Plaintiff's FTCA claim arguments are barred by the discretionary function exception because Agent Gneckow did not violate a clearly established constitutional right. (Dkt. 343 at 4.) This exception, Defendants argue, entitles them to summary judgment on both the false imprisonment and abuse of process arguments. In response, the Plaintiff points out that the discretionary function exception is inapplicable where, as here, the agents violated a mandatory duty; i.e. the requirement of probable cause for an arrest. (Dkt. 346 at 3.)

The discretionary function exception states that the FTCA does not permit recovery for claims arising from the "exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The Government bears the burden of showing that the discretionary function exception applies. *Reed v. U.S. Dept. of Interior*, 231 F.3d 501, 504 (9th Cir. 2000).The United States Supreme Court has established a two-part test to determine whether the discretionary function applies. *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536

(1988).

First, the court must determine whether the action is a matter of choice for the employee, such that it involves an element of judgement or choice. *Id.* Second, the exception only applies to actions based on considerations of public policy. *Id.* at 537. Therefore, the government is shielded from liability when the challenged action "involves the permissible exercise of policy judgement." *Id.* The purpose of the discretionary function exception is to prevent judicial second-guessing of administrative decisions based in social, economic, and political policy. *United States v. Gaubert*, 499 U.S. 315, 323 (1991). When determining whether the discretionary function applies, the court should examine the conduct in question, not the status of the actor. *Berkovitz*, 123 F.3d at 536.

Generally, police investigations are protected by the discretionary function exception because they involve policy considerations. *See Alfrey v. United States*, 276 F.3d 557 (9th Cir. 2002). The Ninth Circuit has held that "the discretionary function exception protects agency decisions concerning the scope and manner in which it conducts an investigation so long as the agency does not violate a mandatory directive." *Vickers v. United States*, 228 F.3d 944, 951 (9th Cir. 2000). This protection is afforded because federal investigations often require the officers to consider relevant political and social circumstances. *Alfrey*, 276 F.3d at 565. The discretionary function exception does not apply, however, if the investigators violated a legal mandate. *Galvin v. Hay*, 374 F.3d 739, 758 (9th Cir. 2004). The discretionary function only applies if the "decision made is

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

a permissible exercise of policy judgement. *Conrad v. United States*, 447 F.3d 760, 765 (9th Cir. 2006) (emphasis added). Thus, if an officer violates the constitution or a statute during his or her investigation, that action is not protected by the discretionary function exception.

The statute at issue on the abuse of process argument is the material witness statute. (Dkt. No. 40, ¶ 56, 111–14). The purpose of the material witness statute is to secure a material witness when it would be impractical to secure that witness through a subpoena. 18 U.S.C. § 3144. "It would be improper for the government to use [the material witness statute] for other ends, such as the detention of persons suspected of criminal activity for which probable cause has not yet been established." *United States v. Awadallah*, 349 F.3d 42, 59 (2d Cir. 2003). The false imprisonment argument asks whether probable cause actually existed based on all of the facts available to Agent Gneckow such that those available facts would have led a reasonable person to believe that probable cause existed to arrest the Plaintiff under the material witness statute. *See State v. Julian*, 922 P.2d 1059, 1062 (Idaho 1996).

The Government's objection on this point is essentially that there was no violation of any mandatory duty in this case. As the Court determined in it's Order adopting the Report concerning the Motions for Summary Judgment as to the individual Defendants, Agent Gneckow did violate a mandatory duty in this case and, therefore, the discretionary function exception is inapplicable here to overcome the FTCA claim for both abuse of

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

process and false imprisonment.[2]

## 2. Prosecutorial Immunity

Defendants argue the Report improperly relied upon conduct covered by prosecutorial immunity in denying them summary judgment on the FTCA claims; specifically AUSA Lindquist's conduct. (Dkt. 343 at 5.) Plaintiff responds to the objection asserting there is no authority for the proposition that a law enforcement officer is entitled to absolute prosecutorial immunity under the facts here; the mere involvement of the prosecutor does not immunize law enforcement from liability for a defective factual affidavit. (Dkt. 346 at 1.) Further, Plaintiff points out that AUSA Lindquist's role in securing the material witness arrest warrant in this case was minimal such that it could not serve as a basis for granting Agent Gneckow immunity in this case.

### A. False Imprisonment

Because Agent Gneckow did not provide incorrect or misleading information to AUSA Lindquist, the Defendants argue the Court should conclude that the claim is barred by prosecutorial immunity as it was AUSA Lindquist who made the final decision to request the warrant. (Dkt. 343 at 5-6.) Defendants make clear that this claim challenges the Plaintiff's arrest, not any investigative conduct by Agent Gneckow.

In Idaho, false imprisonment is the unlawful restraint by one person of the physical liberty of another without adequate legal justification or without probable cause. *Clark v.*

---

[2] The Court expressly refers to its prior Order on the related Report and incorporates it herein to this Order as is relevant to its discussion on these cross-motions for summary judgment.

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

*Alloway*, 170 P.2d 425 (Idaho 1946). Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the individual is subject to arrest. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001) (citation omitted). Thus, as claimed here, the false imprisonment argument raises a tort action asking whether probable cause actually existed based on all of the facts available to Agent Gneckow such that those available facts would have led a reasonable person to believe that probable cause existed to arrest the Plaintiff under the material witness statute. *See State v. Julian*, 922 P.2d 1059, 1062 (Idaho 1996). The facts making up the probable cause determination are viewed from an objective perspective; the officer's subjective beliefs are immaterial. *Id*. at 1062-63.

In this case, Agent Gneckow supplied the information contained in the warrant application. Some of the information was later discovered to be in error; such as the information concerning the price, class, and type of plane ticket the Plaintiff had for his March of 2003 flight to Saudi Arabia. As this Court stated in the Order on the related Report, the Court does not fault Agent Gneckow for not having further investigated the details concerning the ticket in and of itself. On the same note, the Court does not find the fact that law enforcement did not investigate the purpose of the Plaintiff's travel, to further his course of study in Arabic language and Islamic law, prior to seeking the warrant to be the basis for finding a lack of probable cause. Certainly it would have been a good practice to have verified these details, but the Court does not find liability on this

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

Motion solely because the agent failed to do so in this case. The telling information upon which this claim turns is the information known to Agent Gneckow that was omitted from the warrant application even though it was clearly relevant and, more importantly, went against a finding of probable cause. Specifically, the fact that the Plaintiff is a United States citizen, had a wife and children living in the United States, he had previously cooperated with law enforcement concerning its investigation, and he had never been told by law enforcement that he could not travel outside of the United States or asked to notify law enforcement prior to any such travel. These facts were known and available to Agent Gneckow and, just as this Court found in its Order on the related Report, it was reckless for these facts to not have been included as they would lead an ordinary reasonable person to not find probable cause to issue an arrest warrant in this case. Knowing those omitted facts, probable cause did not exist and law enforcement was required to pursue further investigation before submitting the warrant application because they did not yet have a basis for finding probable cause. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1227 (9th Cir. 2009) (stating that once an officer has probable cause, he or she is not required to continue to investigate or seek further corroboration).

      To be clear, the Court recognizes it need not conclude that Agent Gneckow acted recklessly in order to grant Plaintiff summary judgment on this claim. The reference in this Order as well as the related Order and both Reports to the finding that Agent Gneckow's actions were reckless is relevant on this claim because the same actions go to the determination at issue here: whether a reasonable and ordinary person would believe

ORDER ADOPTING REPORT AND RECOMMENDATION - 8

probable cause to issue an arrest warrant for the Plaintiff existed here based on the facts available. In recklessly omitting relevant facts from the warrant application, Agent Gneckow did not act reasonably. Furthermore, as discussed herein and in the Order on the related Report, the involvement of AUSA Lindquist does not cure the errors of law enforcement in this case.

### B. Abuse of Process

Defendants argue Plaintiff has failed to produce any admissible evidence to proceed on his abuse of process argument. (Dkt. 343 at 10.) In particular, Defendants contend that the Report improperly relied upon conduct by persons not involved with the decision to arrest Plaintiff, the Report's factual determinations do not support the recommendation, and the Report improperly considered inadmissible evidence. (Dkt. 343 at 10-15.) The Report, the Defendants assert, relies upon the conduct of AUSA Lindquist, not that of Agent Gneckow, to conclude that the claim should proceed to trial. (Dkt. 343 at 6.) Because AUSA Lindquist's conduct is covered by prosecutorial immunity, Defendants argue, it cannot serve as a basis for proceeding with the claim against Agent Gneckow. Plaintiff counters that the Report correctly denies the Defendants' Motion because "there is extensive evidence suggesting (and from which a reasonable juror could infer) that plaintiff was arrested for a purpose other than to secure testimony" and, therefore, a question of fact exists that must be determined by a jury. (Dkt. 346 at 6.)

This Court has reviewed the record *de novo* and is in agreement with the Report's conclusion that genuine issues of material fact exist that preclude entry of summary

ORDER ADOPTING REPORT AND RECOMMENDATION - 9

judgment on this claim. Plaintiff has come forward with evidence, albeit much of it circumstantial, that could lead a jury to find in favor of the Plaintiff on the claim at trial. Defendants question any reliance upon AUSA Lindquist's conduct and object to not focusing solely upon that of Agent Gneckow in making this determination. Agent Gneckow's conduct cannot, however, be evaluated in a vacuum blind to any influences that others may have had on Agent Gneckow's actions related to the arrest warrant. Prosecutorial immunity may protect AUSA Lindquist from liability but it does not obliterate the actions he and other officials took as they may be relevant to Agent Gneckow's conduct. The Court makes no determination at this stage as to whether and what evidence will be admissible at trial. The ruling here is only that Plaintiff has pointed to sufficient evidence to over come the Motion for Summary Judgment. What happens at trial remains to be seen.

Finally, this Court finds that the Magistrate Judge applied the appropriate legal standard to this claim. (Dkt. 337 at 25.) Under Idaho law, the elements of an abuse of process claim are "(1) an ulterior, improper purpose; and (2) a willful act in the use of process not proper in the regular conduct of the proceeding." *Beco Constr.Co., Inc v. City of Idaho Falls*, 865 P.2d 950, 954 (Idaho 1993). Contrary to what Defendants' argue, Plaintiff need not establish that the improper purpose was the Defendants' primary purpose. (Dkt. 343 at 13-14.) Abuse of process is a tort action where, in order to recover, the defendant's conduct must be a proximate cause of the harm, not merely an incidental motive or collateral effect. Such a claim may allege there is one sole cause of the damages

ORDER ADOPTING REPORT AND RECOMMENDATION - 10

or there may be multiple causes of the damages. Where there is alleged to be more than one cause, the jury is instructed that the improper purpose must have been a "substantial factor" in bringing about the damage complained of. *See Garcia v. Windley*, 164 P.3d 819, 823-25 (Idaho 2007). The abuse of process claim here appears to allege multiple causes for the harm and, therefore, the Defendants' argument that the improper purpose must be the primary purpose is denied.

3.   **Probable Cause Defeats False Imprisonment**

Defendants challenge the Report's conclusion that Plaintiff is entitled to summary judgment on the false imprisonment claim because there is no substantive analysis of whether probable cause to arrest actually existed. (Dkt. 343 at 6.) Contending the Report only considered its conclusion that Agent Gneckow acted recklessly by not conducting a sufficient follow-up investigation before seeking the warrant. Defendants argue the Report is in error on this point as the false imprisonment claim turns on whether or not probable cause existed; not on whether Agent Gneckow should have conducted further investigation. In addition, the Defendants maintain that Agent Gneckow's conduct was not reckless. (Dkt. 343 at 7.) Plaintiff counters that the Magistrate Judge did resolve the probable cause question as the false imprisonment claim and *Bivens* claims are overlapping. (Dkt. 346 at 3 n. 1.)

"To be liable for false imprisonment in Idaho, a person must unlawfully restrain the physical liberty of another without adequate legal justification or without probable cause." *Clark*, 170 P.2d at 428. Probable cause is a complete defense to a false

ORDER ADOPTING REPORT AND RECOMMENDATION - 11

imprisonment claim. *See Sprague v. City of Burley*, 710 P.2d 566, 574 (Idaho 1985). The probable cause determination is made from an objective standpoint. *Julian*, 922 P.2d at 1062-1063 ("Because the facts making up a probable cause determination are viewed from an objective standpoint, the officer's subjective beliefs concerning that determination are not material.").

Here, both this Court and the Magistrate Judge considered the probable cause question both on these Motions and in the related Order and Report. Both determined that legal probable cause to issue the arrest warrant did not exist based upon the information known to Agent Gneckow at the time the warrant was sought. Further, this Court has clarified that its probable cause determination does not turn solely upon any failure by Agent Gneckow to conduct a further investigation.

### 4. Constitutionality of the Material Witness Statute

In the event the Court were to grant summary judgment in favor of the Defendants on either claim, the Plaintiff objects and requests that the Court rule on his alternative theory as to the abuse of process argument asserting the material witness statute is unconstitutional as applied to a cooperative witness. (Dkt. 341 at 3.) Defendants oppose this alternative argument on the ground that it is without merit because: 1) the FTCA does not waive the United States's sovereign immunity from damages for constitutional torts, 2) the Supreme Court has recognized that the material witness statute will invariably lead to the arrest of those who committed no wrongdoing, and 3) no court has ever held that an arrest that satisfies the elements of the material witness statute could be unconstitutional,

or even a common law tort. (Dkt. 344.) Because the Court has adopted the Report it does not address the Plaintiff's alternative theory on the abuse of process claim.

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Williams' Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on June 26, 2012 (Dkt. 337), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) Plaintiff's Motion for Summary Judgment Against the United States (Dkt. 308) is **GRANTED IN PART AND DENIED IN PART**.

2) Defendants' Motion for Summary Judgment (Dkt. 307) is **DENIED**.

DATED: **September 27, 2012**

Honorable Edward J. Lodge
U. S. District Judge